### KYTTA v OHIO MINING CO

Ohio Common Pleas, Athens Co

Decided May 15, 1937

James F Henderson, Ashland, for plaintiff.

H. C. Allread, Columbus, Jones, Jones & Erskine, Athens, for defendant.

## OPINION

By ROWLAND, J.

On June 17, 1936, the plaintiff filed her petition against the defendant praying that she be granted the right to participate in the state insurance fund as the widow of Emil Kytta who died on March 28. 1934. It is claimed in the petition that said Emil Kytta's death was the direct and proximate result of an injury received by him November 12, 1929 in the course of his employment with the defendant company.

In said petition is set forth the following allegation: "That the defendant at all times herein referred to employed more than three workmen or operators regularly in said business and had elected under the so-called workmen's compensation act of the state of Ohio in full force and effect at all times herein mentioned to pay compensation, medical, hospital and nursing expenses to its employees and to the dependents of its killed employees direct for injuries sustained or death caused to its employees during the course of their employment."

The defendant filed its answer on August 7, 1936, which is as follows:

"Now comes the defendant, and for its answer to the petition herein, admits that it is a corporation duly organized under the laws of the state of Ohio; that the plaintiff, Hannah Kytta, is the widow of Emil Kytta, deceased, who died on the 28th day of March, 1934; that the plaintiff filed with the Industrial Commission of Ohio, a claim for compensation as the result of the death of her said husband; that said commission denied said claim; that plaintiff filed an application for rehearing and that the commission denied the plaintiff's claim on rehearing. Defendant denies each and every other allegation in said petition contained not herein admitted to be true.

"Wherefore, the defendant prays that

the petition herein be dismissed at the cost of the plaintiff, and that it be allowed to go hence without day."

It will be noted that the defendant does not admit the allegations of the petition above set forth in quotation but on the contrary denies the same.

The cause was assigned for hearing and heard on November 9 and 10, 1936. The jury returned a verdict in favor of the plaintiff. Motion for new trial was filed November 12, 1936. In said motion for new trial there is also included therein motion on the part of the defendant for final judgment in defendant's favor notwithstanding the verdict.

There is no evidence in the record taken on rehearing tending to prove that the defendant company had elected under the so-called workmen's compensation act to pay compensation direct as alleged in the petition. Throughout the trial counsel for defendant maintained that the failure of proof of said allegation was fatal to the right of plaintiff to recover. The defendant throughout the trial by motions duly made and directed to the consideration of the court asked for judgment on the ground that the burden to establish proof of said allegation was upon the plaintiff and that the plaintiff completely failed.

This question was before this court in the case of George Marquis v Ohio Collieries Company. In that case the plaintiff failed to prove that The Ohio Collieries Company was a self insurer. The court at that time was reluctant to dismiss the petition of the plaintiff as it would appear that such dismissal would be on a technical ground. The court was at first impressed with the fact that perhaps judicial notice should be taken of the acts and things done by the Industrial Commission but in the end the judgment of the court was to the effect that the court could not take judicial notice as to whether a corporation or person was a self insurer and neither could the court take judicial notice as to whether they employed three or more workmen. The decision of the court in said Marquis case touching said question is as follows:

"The evidence contained in the transcript in this case does not reveal whether the defendant company had three or more men regularly employed on December 2, 1929, or otherwise. Neither does it reveal that the Ohio Collieries Company was a self insuring risk of that date. It appears to the court, therefore, that unless this court could take judicial notice of the contents of the files of the Industrial Commission relative to the Ohio Collieries Company, that plaintiff's case must fail. This court can take judicial notice of the rules of the Industrial Commission but taking judicial notice of the contents of the files of the Industrial Commission in a particular case is a different matter, and this court finds no authority that would justify the court in taking judicial notice of the contents of the files of the Industrial Commission relative to a particular employer.

"The defendant would be amenable to the workmen's compensation act of Ohio if it were employing regularly three or more workmen. That does not appear in the evidence. The defendant would be amenable to the workmen's compensation act if it were a self insuring risk at the time of the alleged injury. This does not appear in the record, and the court being of the opinion that this court cannot take judicial notice of the files of the Industrial Commission, the court finds for the defendant."

The petition in the Marquis case was dismissed and there was no review in error. As stated this case presents the same question and the court being of the judgment at the time of the trial that the plaintiff should be given the opportunity to present to the court benefits of any cases touching the question presented, overruled the motion of the defendant for a verdict in its favor and submitted the question to the jury as to whether the decedent died as the direct and proximate cause of an injury sustained in the course of employment as set forth in the petition. Counsel for plaintiff and defendant have been given an extended period of time in which to file their briefs. The court desired all the assistance it could have from counsel in the case touching the questions presented. The court is still of the judgment that it could not take judicial notice of the files of the Industrial Commission relative to a particular employer.

During the course of the trial and by brief counsel for the plaintiff argued other reasons why the failure to offer such proof on said allegation was not fatal. Counsel for the plaintiff contend that since the defendant did not specifically set up the fact that the defendant was not a self insurer that under §11311, GC, the right of defendant thereafter to object was waived.

In support of this contention the court's attention was called to the case of **Archdeacon v Gas Company, 76 Oh St 97.** In that case the court used this expression: "It is to be borne in mind, also, that objections to the legal capacity of a plaintiff to sue must be distinctly pleaded, or the same are waived." The plaintiff says in his brief commenting on this case that "The same is necessarily true that objections to the capacity in which a defendant is sued, i.e., whether as a self insurer or not, must be distinctly pleaded." The court is not able to follow this deduction as a conclusion. In the case of Archdeacon v Gas Company the question raised related to the legal capacity of the plaintiff to sue. The courts are in accord that if that question is not raised by special answer, a general denial will not raise such issue. There is no question in this case arising as to the capacity of the plaintiff to sue or the capacity of the defendant to be sued. If the plaintiff had omitted the allegations from the petition above set out in quotation, it seems there would be little question but what demurrer would lie to the petition. If demurrer would properly lie by reason of the omission of such allegations if omitted surely such allegations would have to be proved when alleged. In other words the omission of proof in the end would appear as fatal as the omission to allege.

Counsel for plaintiff calls the court's attention to the principle of law that "The furnishing to the Common Pleas Court of the transcript of testimony taken on the rehearing by the commission as required by §1465-90, GC is presumptive of the regularity of all preliminary proceedings before the commission."

The court has given some time to the consideration of cases wherein this presumption arises. An investigation of these cases, however, discloses that the question now before the court is an entirely different question than regularity. A presumption of regularity which concerns procedure is an entirely different thing than a presumption as to a certain fact of an evidential nature. The question of presumption as to evidential matters is decided in the case of **Industrial Commission v Laird, 126 Oh St 617**, and case of **State ex Depalo v Industrial Commission, 128 Oh St 410.** These cases do not touch directly the question involved but lay down certain rules and principles wherein it was held that the law would indulge no presumption to favor of a party relative to evidential matters.

The court was of the judgment in the Marquis case and has the same conviction now that it is unfortunate when questions of this technical character arise in these cases that some discretion is not lodged with the court in the receiving of further testimony. The legislature has determined otherwise. The relief granted under the workmen's compensation act is an innovation from the law as laid down under the common law. The legislature has seen fit to provide that the hearing before the Common Pleas Court shall limit the evidence adduced to the evidence contained in the rehearing record and no other evidence. The claim is therefore powerless to receive any other evidence. For any relief relating to this peculiar situation an appeal must be made to the legislature and not to the court.

Referring to the contention of counsel that the objection should have been met by special answer it still would be noted that if a special answer had been filed of the same purport covering the denials as set forth in the answer but set forth specially as to this particular subject matter, the plaintiff would still be in the same situation. The peculiar thing in these cases is that the evidence is taken before the pleadings are filed and after the evidence is taken on the rehearing record defects and omissions in such record of material matters can only be cured by admissions on the part of the defendant. It therefore follows that counsel representing any person who seeks the benefits of the workmen's compensation act if contest is expected and the question ultimately be appealed to the Common Pleas Court for hearing, it is of primary importance that all allegations necessary to be included in the petition in the Common Pleas Court be given special attention before or at the time of the taking of such evidence at the time the rehearing record is being made up so that all such material allegations necessary in such petition will be fortified by evidence contained in the rehearing record or that such omissions, if any, be cured or supplanted by stipulations covering the same. Unfortunately the importance of this matter is some times omitted and direct attention given after the rehearing record has been made up. That seems to be the situation in this case.

The court has arrived at the conclusion that the allegations set forth in the petition above set forth was a necessary aver-

ment therein as a prerequisite to recovery.

The court has also reached █ the conclusion that the burden of proving this allegation was upon the plaintiff and since the plaintiff failed to offer such proof, such failure was fatal to plaintiff's right to recover.

The court is of the judgment that the defendant's motion for directed verdict, made during the course of the trial was well taken and the court coming now to do what it now concludes it should have done during the course of the trial, renders final judgment in favor of the defendant notwithstanding the verdict

Other questions are presented in the motion for new trial and for judgment notwithstanding the verdict but the court's conclusion as to this branch of the question raised makes it unnecessary for the court to discuss further any other questions set forth in the motion for new trial and the briefs filed by the parties.